El Pueblo de Puerto Rico, demandante y apelado, *v.* Victorio de la Rosa, acusado y apelante.

No. 3533.—*Sometido:* Marzo 5, 1929. *Resuelto:* Julio 26, 1929.

*E. González Mena, R. Padró Parés, J. de Jesús Tizol, R. Rivera Zayas* y *Juan B. Soto,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Victorio de la Rosa fué acusado del delito de asesinato en segundo grado y convicto de homicidio voluntario. En apelación señala tres errores.

■ Se sostiene en primer lugar que la corte inferior cometió error al no sobreseer la acusación toda vez que, según alegó, habían transcurrido 79 días entre el arresto y la presentación de la acusación por el gran jurado. Los propios autos no revelan la fecha del arresto y esta omisión es suficiente motivo para desechar el señalamiento. Después de la vista de este caso el apelante presentó certificaciones para demostrar la fecha de su arresto, pero de los autos no aparece que estos documentos fueran sometidos al juez sentenciador cuando se radicó u oyó la moción para sobreseer. Igualmente, nada hay en los autos que demuestre la prueba que le fué sometida al juez, si alguna, en apoyo de la moción. El apelante no nos convence de que el proceso seguido contra él fué demorado indebidamente o sin justa causa.

En lo que se refiere a la moción sobre especificación de particulares los autos dejan en forma similar de poner ante nos lo que ocurrió en la corte inferior. El apelante no nos convence de que necesitara una especificación mayor que la contenida en la acusación.

■ El tercer señalamiento de error se refiere exclusivamente al peso de la prueba por el jurado. Hemos dicho con frecuencia que se necesitaría un caso extraordinario para justificar la revocación de una sentencia por este tribunal cuando hay un conflicto en la prueba que el jurado ha resuelto. El acusado y sus testigos presentaron prueba en el sentido de que él había sido sometido a amenazas por el interfecto, y

que tuvo conocimiento de estas amenazas por varios conductos. Sin embargo, al hacerse los disparos, según el jurado tenía derecho a creer, el occiso se hallaba tranquilamente en una tienda con su hijo. El mismo acusado dijo que llegó a temer al interfecto, pero evidentemente no satisfizo al jurado de que su temor fuera el de un hombre de ordinaria prudencia. No aparecía suficiente provocación. Además el jurado no estaba obligado a creer todas sus manifestaciones o las de sus testigos.

*Debe confirmarse la sentencia apelada.*